**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | | |
|---|---|---|
| Case No. | **CV 22-01544(JFW)(SKx)** | Date: March 11, 2022 |
| Title: | Edith Reynolds -*v*- SF Markets, LLC, et al. | |

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**  **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

      On September 20, 2021, Plaintiff Edith Reynolds ("Plaintiff") filed a complaint against Defendants SF Markets, LLC; Sprouts Farmers Market and Sprouts Farmers Market dba Sprouts in Los Angeles Superior Court.  Docket No. 1-1.  On November 5, 2021 Plaintiff amended her complaint to name Gri Park Plaza, LLC and First Washington Realty, Inc. as Doe Defendants Numbers 1 and 2 ("Doe Defendants").  Docket Nos. 1-2 & 1-3.  On March 8, 2022, Defendants SF Markets, LLC, Gri Park Plaza, LLC and First Washington Realty, Inc. ("Defendants") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Docket No. 1 at 4:3.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  A limited liability company is a citizen of every state of which its members are citizens.

*See*, *e.g.*, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). In the Notice of Removal, Defendants allege that two of the named defendants, SF Markets, LLC and GRI Park Plaza, LLC ("LLC Defendants"), are limited liability companies, but fail to allege the citizenship of any of the LLC Defendants' members. The Notice of Removal merely alleges the LLC Defendants' places of registration and principal places of business. Docket No. 1 at 4:7-17. These allegations do not suffice to demonstrate the LLC Defendants' citizenship. Therefore, Defendants have failed to establish that complete diversity exists.

The Court also notes that although the complaint in this matter was filed on September 20, 2021, and the two Doe Defendants were added on November 5, 2021, Defendants did not file their Notice of Removal until March 8, 2022. An action must be removed within 30 days of a defendant's receipt of the initial pleading setting forth a removable claim. 28 U.S.C. § 1446(b). If the claim was not removable at the time of the initial pleading, a suit must be removed within 30 days of the defendant first ascertaining, based on an amended pleading or other papers, that the case is or has become removable. *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 782 (9th Cir.1994); *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir.1989). However, "[i]f the case is removable from the outset, it must be removed within the thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal.1989) (citation omitted). If the case is not removed during the thirty day period, the right to removal is waived and once waived, it is generally waived forever regardless of the changes to the case. *Dunn v. Gaiam*, 166 F. Supp. 2d 1273, 1278-79 (C.D. Cal. 2001).

In this case, according to Defendants, complete diversity existed at the time Plaintiff filed her complaint. Defendants claim that they did not remove the case because Plaintiff's counsel told Defendants' counsel in December 2021 that the two newly added Doe Defendants were California entities and would therefore defeat diversity jurisdiction. Docket No. 1 at 2:7-9. However, Defendants fail to adequately explain the delay in removing this action. The Court notes that the complaint was filed in September 2021,[1] when according to the allegations in Defendants' Notice of Removal, complete diversity would have existed. Plaintiff's representations regarding the citizenship of the Doe Defendants occurred in December, and thus could not have affected the determination as to whether the case was removable at the time it was filed and served. Nor does the Notice of Removal adequately explain Defendants' delay in removal after the Doe Defendants were named. If Defendants' counsel intended to represent the new defendants, it is highly unlikely that counsel would rely on Plaintiff's representations and not conduct an independent investigation.[2]

---

[1] Defendants did not provide the Court with the date it received the complaint. Defendant's counsel did, however, initiate correspondence with Plaintiff's counsel on October 14, 2021 to request an extension to file an answer. Docket No. 1-4 at 6.

[2] While Defendants' counsel alleges that she did not represent the new defendants in December 2021 when she had these discussions with Plaintiff's counsel, she must have agreed to represent them shortly thereafter as she filed answer on their behalf in Los Angeles Superior Court on January 4, 2022. Docket No. 1-6.

      Accordingly, Defendants are hereby ordered to show cause, in writing, no later than March 14, 2022, why this Court should not remand this action for: (1) lack of complete diversity; and (2) Defendants' failure to timely remove this action to this Court.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action.

      IT IS SO ORDERED.